UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANA OSUNDARA AJAMU
NEFERTITI EL,

    Plaintiff,

                                Case No. 15-13152

v.

                                Hon. John Corbett O'Meara

MARTIN POWELSON,
USA INVESTMENT LLC, and
JAMES A. ABBOTT,

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED**
**_IN FORMA PAUPERIS_ AND DISMISSING COMPLAINT**

    Appearing pro se, Plaintiff Nana Osundara Ajamu Nefertiti El filed a complaint and application to proceed without prepayment of fees on September 2, 2015. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

    Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint sets forth three causes of action: trespass to chattel, conversion, and intentional infliction of emotional distress. Although Plaintiff alleges diversity jurisdiction, it is clear from the complaint that the parties are not completely diverse, as Plaintiff and Defendants Martin Powelson and James Abbott are alleged to reside in Michigan. See 28 U.S.C. § 1332. The requirements for diversity jurisdiction are not met.

The requirements for federal question jurisdiction are also not met, because Plaintiff has not alleged any federal causes of action. Although she mentions her constitutional rights in passing, the complaint does not allege sufficient factual matter to support such a claim. See Hill v. Lappin, 630 F.3d 468, 470-71 (2010) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation omitted). Therefore, the court lacks subject matter jurisdiction over this case and it must be dismissed.

In addition, Plaintiff is attempting to stay an ongoing state eviction proceeding. This court is obligated to abstain from interfering in state proceedings. See Younger v. Harris, 401 U.S. 37 (1971). "*Younger* established the principle that in cases seeking to enjoin ongoing state proceedings – be they criminal, civil,

or administrative – federal courts should not exercise jurisdiction but should instead dismiss the cases in their entirety." Kish v. Michigan State Bd. of Law Examiners, 999 F. Supp. 958, 965 (E.D. Mich. 1998). Plaintiff must seek relief in state court.

      For these reasons, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED.

                                s/John Corbett O'Meara
                                United States District Judge

Date: September 9, 2015

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 9, 2015, using the ECF system and/or ordinary mail.

                                s/William Barkholz
                                Case Manager